UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

  *Plaintiff*,

vs.

BFM REALTY OF NY LLC (a DE LLC), and
ANCASH INC.,

  *Defendants*.

## **COMPLAINT**

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, BFM REALTY OF NY LLC (a DE LLC), and ANCASH INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. The subject property is a restaurant located at 689 9th Ave, New York, NY 10036 (hereinafter, the "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

1

## PARTIES

4.      Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.      Defendant, BFM REALTY OF NY LLC (a DE LLC), is a Foreign Limited Liability Company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, BFM REALTY OF NY LLC (a DE LLC), is the owner of the Subject Premises.

6.      Defendant, ANCASH INC., is a Domestic Business Corporation which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the restaurant "TUMI PERUVIAN" located at the Subject Premises.

7.      Tumi Peruvian Restaurant NYC is vibrant Peruvian restaurant serving seafood dishes and brunch with outdoor dining in the heart of Hell's Kitchen at 689 9th Ave, New York, NY 10036. The Plaintiff enjoys dining at TUMI PERUVIAN and appreciates the quality of its food, ambience and outdoor dining in the warmer months. However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers limit their ability to fully enjoy the dining experience, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

8.      On or about February 2026, and again on April 24, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers including but not limited to an inaccessible entrance, lack of accessible seating at the bar and tables, and an inaccessible restroom.  These barriers, by their very nature, affect Plaintiff and other wheelchair

bound patrons.  As such, Plaintiff has suffered an injury in fact.  Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

9.      Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

10.      Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

11.      Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

12.      Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

13.      The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

14.    Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

15.    Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

16.    On or about February 2026, and again on April 24, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

17.    Plaintiff intends to return to the Subject Premises this summer and fall to and going forward to enjoy brunch or dinner with family and friends. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

18.    Plaintiff regularly visits the Hell's Kitchen neighborhood, as it is a lively, pedestrian friendly area with many shops, bars, cafes and restaurants near each other with a young and lively crowd of people.  It is also easily accessible by public transportation.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
### (Against All Defendants)

19.    Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

20.    Defendants, BFM REALTY OF NY LLC (a DE LLC), and ANCASH INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the

4

Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. §

12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

21.    BFM REALTY OF NY LLC (a DE LLC), as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

22.    ANCASH INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

23.    The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1) ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. NON-COMPLIANT EXISTING RAMP LEADING TO ENTRANCE DOOR.

   NON-COMPLIANT SLOPE OF RAMP EXCEEDS MAXIMUM SLOPE ALLOWANCE.

   a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   b. Accessible routes shall be provided where required by 206.2.
   c. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
   d. Entrances shall be provided in accordance with 206.4.  Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
   e. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement)  or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
   f. Accessible routes shall comply with 402.
   g. Accessible routes shall consist of one or more of the  following components:

walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts.  All components of an accessible route shall comply with the applicable requirements of Chapter 4.

h. Ramps on accessible routes shall comply with 405.

i. Ramp runs shall have a running slope not steeper than 1:12.

2) REQUIRED LANDING NOT PROVIDED AT TOP OF NON-COMPLIANT EXISTING RAMP LEADING TO ENTRANCE DOOR.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

b. Accessible routes shall be provided where required by 206.2.

c. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

d. Entrances shall be provided in accordance with 206.4.  Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

e. Accessible routes shall comply with 402.

f. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts.  All components of an accessible route shall comply with the applicable requirements of Chapter 4.

g. Ramps on accessible routes shall comply with 405.

h. Ramps shall have landings at the top and the bottom of each ramp run. Landings shall comply with 405.7.

i. The landing clear width shall be at least as wide as the widest ramp run leading to the landing.

j. The landing clear length shall be 60 inches (1525 mm) long minimum.

3) REQUIRED HANDRAILS NOT PROVIDED ON BOTH SIDES OF NON-COMPLIANT EXISTING RAMP LEADING TO ENTRANCE.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

b. Accessible routes shall comply with 402.

c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts.  All components of an accessible route shall comply with the applicable requirements of Chapter 4.

d. Ramps on accessible routes shall comply with 405.

e. Ramp runs with a rise greater than 6 inches (150 mm) shall have handrails complying with 505.

f. Handrails shall be provided on both sides of stairs and ramps.

4) INACCESSIBLE BAR.

NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

b. Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

c. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

d. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

e. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

f. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

g. The clearance shall be 30 inches (760 mm) wide minimum.

h. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

i. Knee clearance shall be 30 inches (760 mm) wide minimum.

5) INACCESSIBLE DINING TABLES.
REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.

A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

b. Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

c. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

d. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

e. The clearance shall be 30 inches (760 mm) wide minimum.

f. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

g. Knee clearance shall be 30 inches (760 mm) wide minimum.

6) INACCESSIBLE MEN'S RESTROOM.

7

REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF MEN'S RESTROOM.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall comply with 402.
c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
d. Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

7) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF MEN'S RESTROOM.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall comply with 402.
c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
d. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

8) NON-COMPLIANT DOOR SWING AT MEN'S RESTROOM.

RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN MEN'S RESTROOM

a. Toilet and bathing rooms shall comply with 603.
b. Doors shall not swing into the clear floor space or clearance required for any fixture.

9) NON-COMPLIANT DOOR LOCK AT DOOR OF MEN'S RESTROOM REQUIRES PINCHING OF FINGERS.

a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.
b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
c. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

**10)** INACCESSIBLE LAVATORY IN MEN'S RESTROOM.

NON-COMPLIANT HEIGHT OF LAVATORY IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    **a.** Lavatories and sinks shall comply with 606.
    **b.** Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

**11)** INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN MEN'S RESTROOM NOT PROVIDED AS REQUIRED.

    **a.** Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

**12)** INACCESSIBLE PAPER TOWEL DISPENSER IN MEN'S RESTROOM.

NON-COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    **a.** If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
    **b.** Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finish floor or ground.
    **c.** Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum, where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.
    **d.** Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.
    **e.** Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

**13)** INACCESSIBLE MIRROR IN MEN'S RESTROOM.

NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

14) INACCESSIBLE URINAL IN MEN'S RESTROOM.

ACCESSIBLE ROUTE TO URINAL IN MEN'S RESTROOM NOT PROVIDED.

REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT TRAVEL PATH TO URINAL IN MEN'S RESTROOM.

a. Accessible routes shall comply with 402.
b. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
c. Walking surfaces that are a part of an accessible route shall comply with 403.
d. Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum.

15) REQUIRED CLEAR FLOOR SPACE NOT PROVIDED AT URINAL IN MEN'S RESTROOM.

a. A clear floor or ground space complying with 305 positioned for forward approach shall be provided.
b. The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

16) NON-COMPLIANT HEIGHT OF WALL MOUNTED URINAL EXCEEDS MAXIMUM HEIGHT ALLOWANCE IN MEN'S RESTROOM.

a. Urinals shall comply with 605.
b. Urinals shall be the stall-type or the wall-hung type with the rim 17 inches (430 mm) maximum above the finish floor or ground. Urinals shall be 13½ inches (345 mm) deep minimum, measured from the outer face of the urinal rim to the back of the fixture

17) INACCESSIBLE WATER CLOSET IN MEN'S RESTROOM.

REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN MEN'S RESTROOM.

a. Clearances around water closets and in toilet compartments shall comply with 604.3.
b. Clearance around a water closet shall be 60 inches (1525 mm) minimum measured

10

perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

18) REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN MEN'S RESTROOM.

    a. Grab bars for water closets shall comply with 609. Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

19) INACCESSIBLE WOMEN'S RESTROOM.

REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF WOMEN'S RESTROOM.

    a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    b. Accessible routes shall comply with 402.
    c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    d. Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

20) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF WOMEN'S RESTROOM.

    a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    b. Accessible routes shall comply with 402.
    c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    d. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

21) NON-COMPLIANT DOOR SWING AT WOMEN'S RESTROOM.

RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN WOMEN'S RESTROOM.

    a. Toilet and bathing rooms shall comply with 603.
    b. Doors shall not swing into the clear floor space or clearance required for any fixture.

22) NON-COMPLIANT DOOR LOCK AT DOOR OF WOMEN'S RESTROOM REQUIRES PINCHING OF FINGERS.

    a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
    c. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

23) INACCESSIBLE LAVATORY IN WOMEN'S RESTROOM.

NON-COMPLIANT HEIGHT OF LAVATORY IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    a. Lavatories and sinks shall comply with 606.
    b. Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

24) INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN WOMEN'S RESTROOM NOT PROVIDED AS REQUIRED.

    a. Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

25) INACCESSIBLE PAPER TOWEL DISPENSER IN WOMEN'S RESTROOM.

NON-COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL DISPENSER IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    a. If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
    b. Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finish floor or ground.
    c. Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum, where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.
    d. Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.
    e. Where a clear floor or ground space allows a parallel approach to an element and

12

the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

26) INACCESSIBLE MIRROR IN WOMEN'S RESTROOM.

NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN WOMEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

27) INACCESSIBLE WATER CLOSET IN WOMEN'S RESTROOM.

REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN WOMEN'S RESTROOM.

a. Clearances around water closets and in toilet compartments shall comply with 604.3.
b. Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

28) REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN WOMEN'S RESTROOM.

a. Grab bars for water closets shall comply with 609. Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

29) NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN WOMEN'S RESTROOM.

a. The water closet shall be positioned with a wall or partition to the rear and to one side. The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition

30) INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN WOMEN'S RESTROOM.

NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET IN WOMEN'S RESTROOM.

**a.** Flush controls shall be hand-operated or automatic.  Hand-operated flush controls shall comply with 309.  Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

24.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

25.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

26.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

27.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

28.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**29.**      Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

July 17, 2026

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
641Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*